MR. CHIEF JUSTICE TURNAGE,
dissenting:
Appellant contends that he has a constitutional right to operate his motor vehicle wrecking facility without the statutorily-required license. This contention is not correct.
Section 75-10-501(7), MCA, is the statutory basis for appellant’s problem and provides:
“ ‘Public view’ means any point 6 feet above the surface of the center of a public road from which junk vehicles can be seen.”
I have some concern that this definition meets the constitutional test of due process when analyzed with the statutory purpose of beautification of the state. The statute is vague in that it offers no rational guide as to what public view may require, whether a pervasive intrusion upon the public view or a fleeting glimpse from a high point on the public road.
District Judge James Sorte applied common sense when he ruled that the Green facility was not within public view from U. S. Highway No. 2 as contemplated by the statute. A person may have been able to espy the vehicles from Highway 2; however, to have one’s aesthetic senses offended thereby would require a bent for automotive voyeurism. Apparently, the over 2000 residents of Roosevelt County who signed a petition in support of Green’s facility had no complaint.
The gravel country road referred to as the “Indian Road” apparently affords a better view of the facility and places it within the technical grasp of the rule and statute. However, in light of the purpose of the statute to enhance beauty, this may well be a de mini-mus intrusion on regulation.
Judge Sorte has wisely forecast the result that will surely follow in the event of a closure of the Green facility. The approximate 1200 vehicles located there, or their successors, would be strung out across Roosevelt County, probably resting on knolls and prairie dog mounds in clear public view.
The solution, not to be taken as a precedent, would be to affirm the District Court. This would be an application of judicial common sense and in the best interests of the citizens of Roosevelt County.
The claim of appellant that he has a constitutional right to operate the facility without a license is rejected.
*307 In all events, the parties to this cause are encouraged to continue to work out a rational solution.
MR. JUSTICE GULBRANDSON concurs in the dissent of MR. CHIEF JUSTICE TURNAGE.